**UNITED STATES of America,**

v.

**Martin KAPLAN, a/k/a Hurley Haines a/k/a Samaj McBride Martin Kaplan, Appellant.**

**No. 01–1989.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) on April 23, 2002.

Filed April 25, 2002.

Before SCIRICA, RENDELL, and NOONAN,* Circuit Judges.

OPINION OF THE COURT

RENDELL, Circuit Judge.

Appellant Martin Kaplan appeals from judgment of conviction and sentence entered by the District Court on April 19, 2001. Because we write only for the parties, we need only briefly recount the relevant facts and procedural history underlying this appeal. Appellant asserts jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742, but as explained below we are without jurisdiction to hear Kaplan's first claim. His second claim lacks merit. We will affirm.

Kaplan was charged on September 27, 2000 with four criminal counts related to the possession of narcotics and a firearm.

He subsequently pled guilty to three counts, pursuant to a plea agreement. On April 17, 2001 he was sentenced by the District Court to 210 months in prison, to be followed by eight years supervised release. The sentence was based on an offense level of 32 and a criminal history category of VI. Kaplan appeals from the sentence claiming that the District Court erred in not departing downward from the sentencing guidelines based on his argument that his designation as a career offender over-represented the seriousness of his criminal history and/or the likelihood that he would commit crimes in the future. Kaplan's second contention is that the District Court erred in applying a 2–level enhancement to his offense level based on his possession of a gun.

The District Court was aware that it had the authority to grant Kaplan's request for a downward departure and acted within its discretion in denying this request. Under these circumstances, we lack jurisdiction to review the district court's sentence. *United States v. Torres*, 251 F.3d 138, 151–52 (3d Cir.2001).

As to Kaplan's separate claim that the district court erred in calculating a 2–level enhancement of his criminal offense level based on the gun possession count, after reviewing the record, we conclude that there was no error in using Kaplan's gun possession conviction to enhance his criminal offense level pursuant to U.S.S.G § 2D1.1 (b)(1).

Accordingly, we will AFFIRM the District Court's Judgment and Conviction Order entered on August 19, 2001.

---

* The Honorable John T. Noonan, Jr., Senior Circuit Judge for the Ninth Circuit, sitting by designation.